Filed 6/27/23  P. v. Navarro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFONSO NAVARRO,<br><br>    Defendant and Appellant. | H049055<br>(Santa Clara County<br> Super. Ct. No. C2007608)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on June 14, 2023, be modified as follows.

On page 11, delete the first full paragraph in its entirety and replace it with:

"Defendant contends two criminal justice administration fees imposed as part of his sentence (one in the amount of $129.75 and one in the amount of $259.50) are no longer valid and must be vacated.  The Attorney General concedes that under legislation effective July 1, 2021, criminal justice administration fees are no longer collectible.  (See Gov. Code, § 29550.1, subd. (b).)  As those fees are no longer statutorily authorized, on resentencing no criminal justice administration fee may be imposed."

There is no change in the judgment.

The petition for rehearing is denied.

1

Dated: _____

_____
GREENWOOD, P.J.


_____
GROVER, J.


_____
DANNER, J.

Filed 6/14/23  P. v. Navarro CA6 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049055 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2007608) |
| v. | |
| ALFONSO CASTILLO NAVARRO, | |
| Defendant and Appellant. | |

A jury convicted defendant Alfonso Navarro of 13 offenses stemming from his robbery at a Home Depot, shooting at a man during an altercation on the highway, and swinging an axe at the occupants of a minivan.  Defendant contends the judgment must be reversed because his trial was postponed due to emergency measures taken during the COVID-19 pandemic, resulting in the denial of his right to a speedy trial.  He also argues that separately filed cases were improperly tried together.  He contends there is insufficient evidence to support his convictions for assault with a deadly weapon, and that his counsel was ineffective for not objecting to the prosecutor's misstatements about the burden of proof during closing argument.  Finally, he requests a remand for resentencing in light of recent legislation that could reduce his sentence, and he asks us to vacate certain fees no longer authorized by law.

We find no error affecting defendant's convictions.  But we will vacate the fee order and remand the case for resentencing under the standards now in effect.

1

## I.    BACKGROUND

Defendant was tried by jury on charges arising from three separate incidents.  The first was a shooting.  Defendant was driving on the shoulder of the highway when he sideswiped a pickup truck in the far left lane.  The driver got out and confronted him, kicking out the taillight of defendant's vehicle.  Defendant drew a handgun and fired three shots at the other driver, who scrambled for cover.  Bullets pierced the truck's windshield.

The second incident was an unprovoked attack on a minivan occupied by a woman and her three daughters, ages 3, 10, and 14.  The woman was visiting her uncle, and knew defendant as her uncle's neighbor.  As she pulled into the driveway she saw defendant kneeling in the front yard, throwing dirt in the air.  Defendant stepped in front of the van and yelled to the woman that he was going to kill her.  He pulled an axe from his pants and started swinging it, hitting the minivan five or six times.  The woman's daughters were screaming as she put the van into reverse and backed out of the driveway.  There were "holes all over the place" around the front of the minivan from the axe strikes.  Defendant later tried to smash in the front door of someone's home with the axe.  Police responded and defendant led them on a high-speed vehicle pursuit that ended when he crashed his car and was taken into custody.  Defendant had a loaded revolver and two hatchets in his car.

In the third incident, defendant stole a backpack and copper wiring from a Home Depot.  As he was leaving the store, an employee asked to see his receipt and defendant pulled out a gun and shot at her, the bullet striking the pavement about 20 feet from where she stood.

The district attorney charged defendant with 14 counts:  assault with a deadly weapon (four counts); felony vandalism; felon in possession of a firearm (two counts); evading a peace officer; attempted burglary; second degree robbery; assault with a semiautomatic firearm (two counts); grossly negligent discharge of a firearm; and

carrying a loaded firearm.  The charging document included special allegations of prior strike convictions and committing offenses while on bail.  The jury convicted defendant of all charges at trial (the attempted burglary count having been earlier dismissed for insufficiency of evidence).  Defendant was sentenced to a prison term of 33 years four months.

## II.    DISCUSSION

### A. POSTPONING DEFENDANT'S TRIAL BECAUSE OF THE COVID-19 PANDEMIC WAS NOT AN ABUSE OF DISCRETION

Defendant contends the trial court was incorrect to deny his motion to dismiss the case for failure to commence trial within 60 days of arraignment on the information.  (Pen. Code, § 1382, subd. (a)(2).)  Under the statute, the court must dismiss an action not timely tried unless the prosecution shows good cause for the delay.  (*Ibid*.)

Defendant's trial was continued beyond the 60-day statutory deadline because of courtroom closures resulting from the COVID-19 pandemic.  In March 2020, about a month after defendant's arraignment, the Chief Justice of the California Supreme Court issued an emergency order authorizing superior courts to extend by 60 days the statutory deadline for bringing felony cases to trial, due to the pandemic's impact on the day-to-day operation of the courts.  The presiding judge of the Santa Clara County Superior Court issued a corresponding order extending the deadline for trial in felony cases in the county.  Both the Chief Justice and the Santa Clara County presiding judge later issued orders to further extend those deadlines.

Defendant moved to dismiss his case because it was not brought to trial within 60 days of arraignment.  The trial court denied the motion, finding the circumstances described in the emergency order extending the statutory deadline constitute good cause for the delay.  Specifically, the court noted the pandemic required the court to reduce its services to comply with statewide COVID-19 mitigation orders designed to protect the public.  The court was at that time using approximately half the courtrooms it would

normally use. Hearings and trials were being conducted, but priority was given to certain proceedings such as sentencing hearings that would result in a defendant's release and bail motions challenging pretrial confinement. That prioritization created a backlog of jury trials. As a result, a number of trials, including defendant's, were continued beyond the statutory deadline.

We review the denial of a motion to dismiss for abuse of discretion. (*People v. Hajjaj* (2010) 50 Cal.4th 1184, 1197.) That is a deferential standard requiring that we affirm the ruling unless it is outside the boundaries of what the law allows or is so irrational that no reasonable person could agree with it. (*People v. Johnson* (2022) 12 Cal.5th 544, 605.) Defendant has not shown the trial court abused its discretion in finding good cause for a continuance beyond the statutory deadline based on pandemic-related courtroom closures. Those circumstances plainly constitute good cause. (See *Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, 170 [trial court "unquestionably was justified" in continuing jury trial beyond statutory deadline due to ongoing COVID-19 pandemic].)

Operating courthouses at less than full capacity was a reasonable measure to protect public health during a generational pandemic. And prioritizing cases where an individual could be entitled to immediate release from custody after a short hearing, even at the expense of postponing jury trials, was likewise not unreasonable under the extraordinary circumstances. (See *Hernandez-Valenzuela v. Superior Court* (2022) 75 Cal.App.5th 1108, 1130 [backlog of jury trials caused by earlier pandemic-related court closure constituted good cause for continuance even where the defendant showed there were courtrooms available for trials].)

Defendant's citation to *Bullock v. Superior Court* (2020) 51 Cal.App.5th 134 does not change our view. That case held pandemic-related courtroom closures did not justify continuance of the defendant's preliminary hearing beyond the 10-court day statutory deadline. (See Pen. Code, § 859b.) But in so holding, the court specifically noted the

4

increased urgency of conducting preliminary hearings, given the risk of detaining a defendant for a prolonged period on a groundless complaint. (*Bullock v. Superior Court,* at p. 156.) The court recognized that "preliminary hearings and trials involve different considerations" and therefore "circumstances in a pandemic that constitute good cause to continue a trial may not constitute good cause to continue a preliminary hearing for a defendant in custody." (*Ibid.*) Finding good cause to continue defendant's trial here is consistent with the reasoning expressed in *Bullock*.

Defendant also asserts that postponing his jury trial violated his constitutional right to due process as a violation of a procedural trial right guaranteed by state law. Given that we have found no abridgment of any state procedural right, we conclude there was no federal constitutional violation. (*Stanley v. Superior Court*, *supra*, 50 Cal.App.5th 164, 170.)

### B. JOINING THE CASES FOR TRIAL WAS NOT AN ABUSE OF DISCRETION

Defendant moved in limine to sever the three cases filed against him and have each tried separately. The trial court denied the motion. We review the denial of a motion to sever for abuse of discretion, bearing in mind the law favors joinder of cases for trial because of the corresponding efficiency. (*People v. Simon* (2016) 1 Cal.5th 98, 122.)

A trial court is statutorily conferred with broad discretion to join separately filed cases for "two or more different offenses of the same class of crimes or offenses." (Pen. Code § 954.) Factors to consider in evaluating the exercise of that discretion are (1) whether the evidence relating to the various charges would be cross-admissible in separate trials; (2) whether any of the charges are unusually likely to inflame the jury against the defendant; and (3) the relative strength of the cases proposed for joinder. (*People v. Simon*, *supra*, 1 Cal Cal.5th 98, 123.) To establish an abuse of discretion, a defendant must make a "clear showing" of potential prejudice under those factors. (*Ibid.*)

5

Defendant has not made that clear showing here. He points out the evidence was not readily cross-admissible from one case to the next, given the different circumstances of each offense. But the absence of cross-admissibility alone does not establish prejudice sufficient to constitute an abuse of discretion in joining separate cases. The presence of cross-admissible evidence defeats any claim of prejudice from joinder, but the converse is not true. (*People v. Sandoval* (1992) 4 Cal.4th 155, 173.)

Defendant also asserts the axe attack on the van, whose occupants included three children, is an offense unusually likely to inflame the jury. But the other charged offenses also involved flagrant conduct, and in those incidents defendant fired a gun at people. Even considering the age of the victims, the axe attack is not so much more shocking than the other charged conduct as to make it irrational to decide it was not disproportionately likely to inflame the jury.

Defendant also asserts weak cases were joined with a strong case because the Home Depot robbery was captured on video and was therefore exceptionally strong, whereas the other two cases were weaker. But in our view neither of the other two cases can be accurately characterized as weak given the eyewitness testimony describing defendant's commission of both offenses. Where that testimony was equivocal—in the case of the shooting of the pickup truck driver, who was at the time of trial unable to identify defendant—there was physical evidence to bolster the prosecution's case: an expert testified that marks on a shell casing from the scene matched defendant's gun. The proper focus is not whether one case is *comparatively* weaker than another, but whether a case is weak or strong in the abstract. Defendant has not demonstrated the trial court abused its discretion in refusing to conduct separate trials.

## C. SUBSTANTIAL EVIDENCE SUPPORTS THE AXE ASSAULT CONVICTIONS

Defendant contends his convictions for assault with a deadly weapon based on attacking the four occupants of the minivan with an axe are not supported by substantial

6

evidence. Our standard of review is deferential: we review the record in the light most favorable to the judgment for evidence from which a rational trier of fact could find the elements of the crime established beyond a reasonable doubt. (*People v. Tripp* (2007) 151 Cal.App.4th 951, 955.) We do not substitute our judgment for that of the jury and we presume the existence of every fact in favor of conviction that the jury could reasonably infer. (*People v. Medina* (2009) 46 Cal.4th 913, 919.) To overturn a conviction, "it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Assault with a deadly weapon requires proof the defendant attacked someone using a deadly weapon in a manner that would directly and probably result in the application of force to the victim. (CALCRIM No. 875.) A deadly weapon can be any object used in a way likely to produce death or great bodily injury. (*In re B.M.* (2018) 6 Cal.5th 528, 532–533.) "Analysis of whether the defendant's manner of using the object was likely to produce death or great bodily injury necessarily calls for an assessment of potential harm in light of the evidence." (*Id.* at p. 535.) While the mere possibility of serious injury is not enough, it is sufficient for the evidence to show serious injury was likely, even if it did not ultimately occur. (*Ibid*.)

Defendant distinguishes use of the axe in a manner *capable* of producing injury versus *likely* to do so. He argues the evidence is insufficient to prove that he used the axe in a manner likely to produce serious injury, because the victims were inside the minivan throughout the attack to the van's front exterior. The jury could have accepted that argument, but there is sufficient evidence to support the contrary view it ultimately adopted, namely that defendant used the axe in a manner likely to cause serious injury. Victim testimony described defendant striking the van with an axe at least five times and so hard it left holes in the metal paneling. Significantly, one of the strikes was to the driver's side door immediately below the window, which could have caused serious

7

injury had it landed slightly higher.  The evidence is sufficient to support the jury's decision.

### D.  COUNSEL WAS NOT INEFFECTIVE

Defendant contends his trial counsel was ineffective for not objecting to statements by the prosecutor during closing argument describing the concepts of reasonable doubt and the burden of proof.  To prevail on a claim of ineffective assistance, a defendant must show counsel's performance fell short of what is considered reasonable under professional norms, as well as a reasonable probability counsel's deficient performance affected the outcome.  (*People v. Campbell* (2020) 51 Cal.App.5th 463, 504.)  Defendant has not made that showing here.

Defendant identifies two statements that went without objection but which he now asserts misstated the law to such a degree the jury was misled into convicting him: (1) "And ask yourselves if, with the standard of reasonable doubt and with the tether of reasonableness, what conclusion do you reach in this case? What conclusion would lead you to believe the defendant is not guilty and whether or not that is reasonable, or whether or not when you look at everything in this case, if the reasonable interpretation is that the defendant is guilty of all of the charges."  (2) "And I would reiterate to you, ladies and gentlemen, that when you look at all of the evidence in this case, and apply it to the law that's before you, that the only reasonable conclusion that you would come to is that the defendant is guilty as charged."

We note that failure to object is rarely a basis for ineffective assistance because deciding whether to object, even when there is a technical basis, is a strategic decision left to trial counsel that will not be second guessed on appeal.  (*People v. Lopez* (2008) 42 Cal.4th 960, 972.)  Counsel here could reasonably have decided the prosecutor's statements, while not entirely clear, were not so problematic to warrant objecting and potentially drawing the ire of the jury just before deliberations commenced.  Although we find the prosecutor's statements did not clearly misrepresent the legal standard, even

8

assuming they were misleading and the lack of objection was not strategic, we would find no resulting prejudice. Defense counsel accurately described the standard for reasonable doubt in closing argument, and the court's instructions to the jury were also correct. We see no probability of a different result had objections to the prosecutor's statements been made and sustained.

### E. DEFENDANT IS ENTITLED TO THE BENEFIT OF RECENT CHANGES TO PENAL CODE SECTION 1170

After defendant was sentenced, the Legislature amended Penal Code section 1170 to allow an aggravated prison term to be imposed only if the aggravating factors supporting it are admitted by the defendant or found true by a jury. (Sen. Bill No. 567 (2020-2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3.) As an ameliorative change, that legislation applies retroactively to this case that is not yet final on appeal. (*In re Estrada* (1965) 63 Cal.2d 740, 747.) Defendant was sentenced to the aggravated term for nine of the 13 counts he was convicted on. He seeks resentencing under the new standards because he did not admit any of the aggravating facts relied on by the court nor did a jury find them true.

Intermediate appellate courts are divided regarding the standard for determining prejudice in this situation, and the issue is pending before the California Supreme Court. (Compare *People v. Flores* (2022) 75 Cal.App.5th 495, 500 [remand not required if appellate court concludes beyond a reasonable doubt that a jury would have found at least one aggravating factor true] with *People v. Lopez* (2022) 78 Cal.App.5th 459, 466 [all aggravating factors must have been found true beyond a reasonable doubt; if only some factors would have been found true, it must be reasonably probable the same sentence would have been imposed based on those] and *People v. Dunn* (2022) 81 Cal.App.5th 394, rev. granted Oct. 12, 2022, S275655 [if at least one aggravating factor would have been found true beyond a reasonable doubt and it is reasonably probable any remaining aggravating factors relied in imposing sentence would have been

9

found true, assess likelihood of same sentence being imposed absent factors not meeting that standard].) (*Id.* at p. 410.)

We agree with *People v. Lopez*, *supra*, 78 Cal.App.5th 459 and *People v. Dunn*, *supra*, 81 Cal.App.5th 394 that the prejudice standard articulated by *Flores*—the error is harmless if it is beyond a reasonable doubt that any aggravating factor would have been found true—is too easily satisfied. In our view the proper approach is to determine which aggravating factors relied on by the trial court would have been found true, beyond a reasonable doubt, if decided by the jury; then to assess the probability of a different result had the trial court been limited to considering only those aggravating factors in sentencing.

The trial court relied on the following aggravating factors to impose upper term sentences: (1) a prior prison term; (2) poor performance on parole and probation; (3) use of a weapon in committing the offense; (4) discharge of a firearm in committing the offense; and (5) the great violence involved in the offense. The prior prison term; previous parole and probation violations; use of a weapon; and discharge of a firearm are all factors that would have been found true beyond a reasonable doubt if decided by a jury, as there is no legitimate dispute about those things. Whether the crime involved "great violence," however, is a more subjective determination. We cannot say beyond a reasonable doubt the jury would have agreed with that characterization as to all of the affected counts, particularly given that none actually resulted in significant physical injury.

We therefore must decide the likelihood that the trial court would have still imposed the upper term on all nine counts without considering the aggravating factor that the crimes involved great violence. As that factor carries significant weight in the sentencing calculus, we find it reasonably probable the court would not have imposed the upper term on at least one of the relevant convictions had the jury declined to find true that great violence was involved. Because of the reasonable probability of a different

10

result, we will remand for resentencing under the requirements of the current version of Penal Code section 1170, subdivision (b)(2).

### F. A CRIMINAL JUSTICE ADMINISTRATION FEE IS NO LONGER AUTHORIZED

Defendant contends the $129.75 criminal justice administration fee imposed as part of his sentence is no longer valid and must be vacated. The Attorney General concedes that under legislation effective July 1, 2021, the criminal justice administration fee is no longer collectible. (See Gov. Code, § 29550.1, subd. (b).) As that fee is no longer statutorily authorized, on resentencing no criminal justice administration fee may be imposed.

### III. DISPOSITION

The judgment is reversed and the matter remanded for resentencing. Defendant's convictions shall remain. On remand, the prosecution may elect to proceed by meeting the requirements of Penal Code section 1170, subdivision (b)(2) regarding aggravating circumstances or may elect to proceed on the current record. After the prosecution makes that election, the trial court shall resentence defendant according to the current law.

11

_____

Grover, J.

**WE CONCUR:**



_____

Greenwood, P. J.



_____

Danner, J.



H049055
*The People v. Navarro*